IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Roger Allen Dyke, # 347604, )<br>)<br>                    Plaintiff, )<br>)<br>vs. )<br>)<br>Bernard Mackie, Director of Security; )<br>Michael McCall, Director of Operations; )<br>Larry Cartledge, Warden; )<br>C. Early, Major; )<br>S. Dufft, Cpt.; )<br>Cpt. Goldden; )<br>Lt. Blackbun; )<br>Lt. McCall; )<br>F. Rice, Sgt.; )<br>Ofc. Williams; )<br>Ofc. Collins; )<br>J. Johnson, Ofc.; )<br>Nurse Gillheart; )<br>Ofc. Garner; )<br>Cpl. King; )<br>A. Cagle, Sgt.; )<br>Nurse Burgess; )<br>A. Goodwin, Mental Health Counselor; )<br>Director Sterlin, SCDC; )<br>Ms. Hendenberg, Grievance Counselor, )<br>)<br>)<br>                    Defendants. )<br>) | Civil Action No. 6:16-279-TMC-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

This is a civil action filed by a state prisoner. In a separately filed order, the undersigned has granted the plaintiff's motion for leave to proceed *in forma pauperis*, denied the plaintiff's motion to appoint counsel, and directed the plaintiff to submit, within twenty-one days, a Financial Certificate, a summons, and a separate Form USM-285 for each of the twenty named defendants. The plaintiff has also submitted a motion for a

temporary restraining order/preliminary injunction, wherein he seeks a transfer to Georgia (doc. 5).

Insofar as the plaintiff seeks a temporary restraining order ("TRO"), the plaintiff, a *pro se* litigant, cannot satisfy the "attorney certification" requirement for a temporary restraining order required under Federal Rule of Civil Procedure 65(b)(1)(B) because the plaintiff is not an attorney admitted to practice before this Court. *See Demorcy v. Cook*, Civil Action No. 8:13-1494-JFA-JDA, 2013 WL 5332146, at *2 (D.S.C. Sept. 23, 2013); and *Jones v. S.C. Dep't of Corr.*, Civil Action No. 5:12-3554-RBH, 2013 WL 3880175, at *5 (D.S.C. July 26, 2013). Moreover, the plaintiff has not demonstrated that he is entitled to the extraordinary remedy of a TRO because he has not shown that he will be subject to immediate and irreparable injury, loss or damage before the adverse party may be heard in opposition. *See* Fed. R. Civ. P. 65(b). "In general, the purpose of a TRO is to preserve the status quo for a brief period until a hearing can be held on a request for a preliminary injunction." *Gallipeau v. Mitchell*, Civil Action No. 3:07-3522-JFA-JRM, 2008 WL 349990, at *2 (D.S.C. Feb. 7, 2008) (citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 US. 423 (1974)). Moreover, other relief requested by the plaintiff in his motion for TRO/preliminary injunction is essentially the relief requested by the plaintiff in the complaint (*compare* doc. 5 at 3 *with* doc. 1 at 12).

The plaintiff is not entitled to a transfer to a prison in Georgia. *See Rochester v. Mckie*, Civil Action No. 8:11-0797-JMC-JDA, 2011 WL 2671306, at *5 (D.S.C. Apr. 13, 2011) (prison officials not required to guarantee a prisoner's safety under terms and conditions dictated by the prisoner; prisoner is entitled to adequate protection from harm, but is not entitled to direct prison officials on the means to accomplish it), *adopted by* 2011 WL 2671228 (D.S.C. July 8, 2011), *appeal dismissed*, No. 11-7038, 464 F. App'x 119 (4th Cir. Feb. 9, 2012).

As to his request for a preliminary injunction, a district court may issue a preliminary injunction only on notice to the adverse party. Fed. R. Civ. P. 65(a)(1). This case is not "in proper form" because the plaintiff did not submit service documents (Forms USM-285 and a summons) or a Financial Certificate. Hence, in the separately-filed order, the undersigned has directed the plaintiff, within twenty-one days, to bring this case into "proper form" by submitting a Financial Certificate, a summons, and Forms USM-285. The complaint cannot even be served upon the defendants until the plaintiff completes the needed documents and returns them to the Clerk's Office.

In light of the foregoing, it is recommended that the District Court deny the plaintiff's motion for TRO/preliminary injunction/hearing (doc. 5). The plaintiff's attention is directed to the Notice on the next page.

s/ Kevin F. McDonald
United States Magistrate Judge

February 2, 2016
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is, hereby, advised that the may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).