IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Roger Allen Dyke, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Bernard Mackie, Michael McCall, )<br>Larry Cartledge, C. Early, S. Duffy, )<br>Cpt. Goldden, Lt. Blackbun, Lt. McCall, )<br>F. Rice, Ofc. Williams, Ofc. Collins, )<br>J. Johnson, Nurse Gillheart, Ofc. Garner,)<br>Cpl. King, A. Cagle, Nurse Burgess, )<br>A. Goodwin, Director Sterlin, and )<br>Ms. Hendenberg, )<br>Defendants. )<br>) | Civil Action No. 6:16-279-TMC-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

The plaintiff, a state prisoner proceeding *pro se*, brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

On August 18, 2016, the undersigned recommended that defendants Ofc. Garner, Nurse Gillheart, J. Johnson, Cpl. King, and Ofc. Williams ("the unserved defendants") be dismissed pursuant to Federal Rule of Civil Procedure 4(m) based upon the plaintiff's failure to timely serve them (doc. 50).

On June 28, 2016, the remaining defendants ("the served defendants") filed a motion to dismiss for failure to state a claim (doc. 40). On June 29, 2016, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the

summary dismissal procedure and the possible consequences if he failed to respond adequately (doc. 41). The plaintiff did not respond to the motion.

As the plaintiff is proceeding *pro se*, the court filed a second order on August 11, 2016, giving the plaintiff through August 31, 2016, to file his response to the motion to dismiss (doc. 47). The plaintiff was specifically advised that if he failed to respond, this action against the served defendants would be dismissed for failure to prosecute. The plaintiff did not respond.

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

In the present case, the plaintiff is proceeding *pro se*, and he is thus entirely responsible for his actions. It is solely through the plaintiff's neglect, and not that of an attorney, that no responses have been filed. Meanwhile, the defendants are left to wonder when the action against them will be resolved. The plaintiff has not responded to the served defendants' motion to dismiss or the court's orders requiring him to respond. Accordingly, the undersigned concludes the plaintiff has abandoned his lawsuit. No other reasonable sanctions are available.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action against the served defendants. Accordingly, it is recommended that the served defendants be dismissed from this action based upon the plaintiff's lack of prosecution, pursuant to Federal Rule of Civil Procedure 41(b). *Ballard*, 882 F.2d at 95.

IT IS SO RECOMMENDED.

                                               Kevin F. McDonald
                                               United States Magistrate Judge

September 6, 2016
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4$_{th}$ Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).