IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Roger Allen Dyke, # 347604, | ) | |
| | ) | Civil Action No. 6:16-279-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Bernard Mackie; Michael McCall; | ) | |
| Larry Cartledge; C. Early; S. Duffy; | ) | |
| Cpt. Goldden; Lt. Blackbun; Lt. McCall; | ) | |
| F. Rice; Ofc. Williams; Ofc. Collins; | ) | |
| J. Johnson; Nurse Gillheart; Ofc. Garner; | ) | |
| Cpl. King; A. Cagle, Sgt; Nurse Burgess; | ) | |
| A. Goodwin; Director Sterlin; and | ) | |
| Ms. Hendenberg, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Roger Allen Dyke, a state prisoner proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court are the magistrate judge's Report and Recommendation ("First Report"), issued August 18, 2016, recommending that Plaintiff's action against Defendants Ofc. Garner, Nurse Gillheart, J. Johnson, Cpl. King, and Ofc. Williams (collectively, the "Unserved Defendants") be dismissed for violation of Federal Rule of Civil Procedure 4(m) (ECF No. 50)[1] and the magistrate judge's Report and Recommendation ("Second Report"), issued on September 6, 2016, recommending that Plaintiff's action against Bernard Mackie, Michael McCall, Larry Cartledge, C. Early, S. Duffy, Cpt. Goldden, Lt. Blackbun, Lt. McCall, F. Rice, Ofc. Collins, A. Cagle, Nurse Burgess,

---

[1] The First Report's recommendation is based on Plaintiff's failure to serve Unserved Defendants pursuant to Federal Rule of Civil Procedure 4(m) and failure to respond to the magistrate judge's order filed July 13, 2016. (ECF No. 43). Plaintiff was specifically advised of the consequences for failing to respond to the order. (ECF No. 43 at 3).

1

A. Goodwin, Director Sterlin, and Ms. Hendenberg (collectively, the "Served Defendants") be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 53).[2] Plaintiff was advised of his right to file objections to the Reports. (ECF Nos. 50 at 3, and 53 at 4). However, Plaintiff has filed no objections to the Reports, and the time to do so has now run.

The Reports have no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Reports. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the entire record in this case, the court adopts the Reports (ECF Nos. 50 and 53) and incorporates them herein. Accordingly, this action is **DISMISSED without prejudice**[3] against Unserved Defendants pursuant to Federal Rule of Civil Procedure 4(m) and **DISMISSED with prejudice**[4] against Served Defendants for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir.

---

[2] The Second Report's recommendation is based on Plaintiff's failure to respond to Served Defendants' Motion to Dismiss (ECF No. 40) or the magistrate judge's orders requiring him to respond. (ECF Nos. 41 and 47). Plaintiff was specifically advised of the consequences for failing to respond. (ECF Nos. 41 and 47).

[3] The court notes that the magistrate judge's First Report did not recommend that the dismissal be with or without prejudice, however, pursuant to Federal Rule of Civil Procedure 4(m) and the magistrate judge's Amended Order (ECF No. 43), the court dismisses the action without prejudice with regards to the Unserved Defendants.

[4] The court notes that the magistrate judge's Second Report did not recommend that the dismissal be with or without prejudice, however, pursuant to the language of Federal Rule of Civil Procedure 41(b), the court dismisses the action with prejudice with regards to the Served Defendants.

1989). Further, Defendants' motion to dismiss for failure to state a claim (ECF No. 40) is **TERMINATED** as moot.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

September 30, 2016
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.